IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Diana Jordan, <br><br> Plaintiff, <br><br> v. <br><br> Brandy Snyder and Denise Mack, <br><br> Defendants. | C/A No. 3:19-1821-JFA <br><br><br> **ORDER** |

I.  **INTRODUCTION**

Diana Jordan ("Plaintiff"), proceeding *pro se*,[1] filed this civil action on June 27, 2019 against Defendants Brandy Snyder and Denise Mack concerning the sale of 124 Bakersland Road in Chapin, South Carolina. (ECF No. 1). Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs under 28 U.S.C. § 1915 ("Application"). (ECF No. 3). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this case was referred to a Magistrate Judge for Review.

The Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report") and opines that the Application should be denied. (ECF No. 8 at 11).

---

[1] "*Pro se* complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers." *Ally v. Yadkin Cty. Sheriff Dept.*, 698 F. App'x 141, 142 (4th Cir. 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made,

The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. (ECF No. 8). The Magistrate Judge required Plaintiff to file objections by July 12, 2019 (ECF No. 8 at 12), and Plaintiff failed to do so. Accordingly, the Complaint is ripe for review.

### III. DISCUSSION

A district court is required to conduct only a de novo review of the specific portions of the Magistrate Judge's report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff did not timely file objections to the Report. The Magistrate Judge allowed Plaintiff ample time to respond to the Report and Plaintiff failed to do so. Without specific objections to the Report, this Court may adopt the Report without explanation.

### IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report (ECF No. 8) in part and denies Plaintiff's Application (ECF No. 3). Further, Plaintiff is allowed fourteen (14) days from the date of this order to submit the required $400 filing fee. The Court holds in abeyance any

---

and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

ruling on the Magistrate Judge's recommendation that the Court dismiss Plaintiff's Complaint without prejudice in the event she pays the filing fee (ECF No. 8 at 11) because that issue is not ripe for review since Plaintiff has not yet paid the filing fee.

    IT IS SO ORDERED.

July 16, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge